UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
MAY - 4 2022
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) 4:22CR250 HEA/DDN |
| JUSTIN CLIFFORD ALLEN, | ) |
| Defendant. | ) |

### INDICTMENT

### COUNT I

The Grand Jury charges that:

At all times pertinent to the charges in this indictment:

1. Federal law defined the term

    (a) "minor" to mean any person under the age of eighteen years (18 U.S.C. § 2256(1));

    (b) "sexually explicit conduct" to mean actual or simulated--

    (i) sexual intercourse, including genital-genital, anal-genital, oral-genital, oral-anal, whether between persons of the same or opposite sex,

    (ii) bestiality,

    (iii) masturbation,

    (iv) sadistic or masochistic abuse, or

    (v) lascivious exhibition of the genitals or pubic area of any person (18 U.S.C. §2256(2)(A));

1

(c) "computer" to mean an electronic, magnetic, optical, electrochemical or other high speed data processing device performing logical, arithmetic or storage functions, including any data storage facility or communications facility directly related to or operating in conjunction with such device. (18 U.S.C.§ 2256(6));

(d) "child pornography" to mean any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where--

>   (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; or
>
>   (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct. (18 U.S.C.§2256(8)).

2. The "Internet" was, and is, a computer communications network using interstate and foreign lines to transmit data streams, including data streams used to store, transfer and receive graphic files.

3. Between on or about July 1, 2019, and on or about May 31, 2020, within the Eastern District of Missouri and elsewhere,

**JUSTIN CLIFFORD ALLEN,**

the defendant herein, knowingly distributed images and videos of child pornography using any means or facility of interstate and foreign commerce, that is, the defendant knowingly distributed images of child pornography via the Internet and an iPhone X cellular telephone child pornography files including, but not limited to, the following:

2

   a. "video.mov," a graphic video file that depicts, in part, a male inserting his penis into an infant's mouth;

   b. "5125442185695701053-m," a graphic image file that depicts, in part, a bound and gagged prepubescent minor female in a lascivious display of her genitals;

   c. "4909010932450043983-x," a graphic image file that depicts, in part, a bound prepubescent minor male with an erect penis wearing a red cap and a red bow;

   d. "4985557235463727273-y," a graphic image file depicts, in part, a male placing his erect penis between a naked infant's legs; and

   e. "5084916154190899479-m, a graphic image file that depicts, in part, an adult male with an erect penis and with a human infant inserted into his anus;

In violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT II

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. In or around July 2019, within the Eastern District of Missouri and elsewhere,

**JUSTIN CLIFFORD ALLEN,**

the defendant herein, knowingly received images and videos of child pornography using any means or facility of interstate and foreign commerce, that is, the defendant knowing received graphic image files of child pornography via the Internet, an iPhone X cellular telephone, and the Telegram app, including, but not limited to, the following:

   a. "5904417083705263704-4," a graphic image file that depicts, in part, a male inserting his erect penis into the mouth of an infant; and

    b. "5902161384061273573-4," a graphic image file that depicts, in part, a male attempting to insert his erect penis into an infant's vagina;

In violation of Title 18, United States Code, Section 2252A(a)(2).

## COUNT III

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about July 1, 2019, and on or about December 14, 2020, within the Eastern District of Missouri and elsewhere,

**JUSTIN CLIFFORD ALLEN,**

the defendant herein, did knowingly possess material that contained images and videos of child pornography that were produced using material that traveled in interstate and foreign commerce, to wit, an iPhone 6S+ cellular telephone that was produced outside of Missouri, and, therefore, traveled in interstate and foreign commerce, and said cellular telephone contained child pornography, including, but not limited to, the following:

    a. "IMG_0417.jpg," a graphic image file that depicts, in part, a bound and gagged prepubescent minor male in a lascivious display of his genitals; and

    b. "4974729537011165363-y," a graphic image file that depicts, in part, two prepubescent minor males performing oral sex on each other;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT IV

The Grand Jury further charges that:

4

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about July 1, 2019, and on or about December 14, 2020, within the Eastern District of Missouri and elsewhere,

**JUSTIN CLIFFORD ALLEN,**

the defendant herein, did knowingly possess material that contained images and videos of child pornography that were produced using material that traveled in interstate and foreign commerce, to wit, an 500 GB Seagate Free Agent Go hard drive that was produced outside of Missouri, and, therefore, traveled in interstate and foreign commerce, and said hard drive contained child pornography, including, but not limited to, the following:

   a. "2013-04-21 03.01.56.jpg," a graphic image file that depicts, in part, a bound prepubescent minor male in a lascivious display of his genitals; and

   b. "2013-04-21 03.08.04.jpg," a graphic image file that depicts, in part, a bound prepubescent minor male in a lascivious display of his genitals;

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## COUNT V

The Grand Jury further charges that:

1. The allegations contained in paragraphs one and two of Count I of this Indictment are incorporated by reference as if fully set forth herein.

2. Between on or about July 1, 2019, to December 14, 2020, within the Eastern District of Missouri and elsewhere,

**JUSTIN CLIFFORD ALLEN,**

the defendant herein, did knowingly possess material that contained a video of child pornography that was produced using material that traveled in interstate and foreign commerce, to wit, a 1 TB Seagate Free Agent GoFlex hard drive that was produced outside of Missouri, and, therefore, traveled in interstate and foreign commerce, and said hard drive contained "film 02_0.3.3gp," a graphic video file that depicts, in part, a male inserting his erect penis into the mouth of a minor male,

In violation of Title 18, United States Code, Section 2252A(a)(5)(B).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Section 2253, upon conviction of an offense in violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B) as set forth in Counts I through V of the Indictment, the defendant shall forfeit to the United States of America: any visual depiction as described in Sections 2251, 2251A, 2252, 2252A or 2260 of Title 18, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of Chapter 110 of Title 18; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2. Specific property subject to forfeiture includes, but is not limited to,

   a. iPhone 6 S+ (serial number FCFSM02SHFLY) and sim card;

   b. iPhone X (serial number DNPWHHRAJCLG) and sim card;

   c. 500 GB Seagate Free Agent Go hard drive; and

6

    d.   1 TB Seagate Free Agent GoFlex hard drive.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                    A TRUE BILL.


                    _____
                    FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
ROBERT F. LIVERGOOD, #35432MO
Assistant United States Attorney